*82 OPINION.
MoRRis:
The first issue raised is whether the amounts spent by the petitioner in 1919, 1920, and 1921 for dances for employees are ordinary and necessary business expenditures. The petitioner contends that the amounts constituted a bonus to the employees and are therefore deductible. It is unnecessary to determine whether or not these amounts constituted a bonus. It is sufficient that the expenditures were an ordinary and necessary business expense. The evidence convinces us that these amounts were expended because of a direct business benefit to the petitioner. The offer was made by the corporation to the employees that in consideration of an increase in sales volume the petitioner would do certain things. Employees’ dances were one of the inducements held out to the employees to increase the sales total. Under the circumstances, we are of the opinion that the amounts expended for these dances during the taxable year in question are deductible.
The second issue relates to the Miledi account. The account was charged off as a bad debt by the petitioner in line with a consistent business practice for years of not carrying doubtful accounts as assets. The Commissioner disallowed its deduction for the reason that there was no ascertainment of worthlessness. The findings of fact amply set forth the situation with regard to this account. The president of the petitioner testified that he determined the account to be worthless when he “ flagged ” it with a sticker, but he further testified that these stickers were used whenever an account was slow and they indicated not to charge any more until conditions were better. There is considerable difference between a slow account and one that is ascertained to be worthless. We do not doubt that the Miledi account was thought to be doubtful, but the facts in connection therewith indicate to our minds that there was not an ascertainment of worthlessness. The petitioner held Mexican acceptances for the amount of the debt which were given shortly before *83 the close of the year 1921. A collection was made within six days after the close of that year, a fact which the petitioner recognized by deducting as of December 31, 1921, the balance of the account after the payment on January 6, 1922. Between January 20, 1922, and August 21, 1922, inclusive, Miledi paid $2,563.45, which was applied to the account. He was allowed to open a new account in April, to which, on October 24, 1922, the balance of the old account was added, thus restoring it to an active status. In view of these facts, the deduction of $3,498.22 claimed by the petitioner for 1921 is disallowed.
In regard to the expenditures made by the petitioner on the properties owned and leased by it, we have previously distinguished between expenditures which are deductible as ordinary and necessary expenses and those which should be capitalized, in the Appeal of Illinois Merchants Trust Co., 4 B. T. A. 103, 106, in which we said:
In determining whether an expenditure is a capital one or is chargeable against operating income, it is necessary to bear in mind the purpose for which the expenditure was made. To repair is to restore to a sound state or to mend, while a replacement connotes a substitution. A repair is an expenditure for the purpose of keeping the property in an ordinarily efficient operating condition. It does not add to the value of the property, nor does it appreciably prolong its life. It merely keeps the property in an operating condition over its probable useful life for the uses for which it was acquired. Expenditures for that purpose are distinguishable from those for replacements, alterations, improvements or additions which prolong the life of the property, increase its value or make it adaptable to a different use. The one is a maintenance charge, while the others are additions to capital investment, which should not be applied against current earnings. * * * Appeal of Simmons & Hammond Manufacturing Co., 1 B. T. A. 803.
Applying this reasoning to the instant facts, we are satisfied that the $787.36 which was spent in the main building and disallowed by the Commissioner is properly deductible, and that $2,275 of the $3,030 expended on the Hammett property and disallowed by the Commissioner was an ordinary and necessary expense and deductible as such.
The expenditures on the annex, or Hammett and Bassett properties, were principally for the conversion of those properties into an operating unit. They were not for repairs but for alterations which made the properties adaptable to a different use. Expenditures for such alterations, although they do not increase the value of the property, are not deductible from gross income. We have no evidence on the items disallowed by the Commissioner under fixtures and new carpets, and therefore approve his determination in that respect.
Judgment will be entered on 15 days’ notice, under Rule 50.